| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: NORTHERN DISTRICT OF FLORIDA | |
| Case number *(if known)* | Chapter **11** |

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  
Consolidated Burger Holdings, LLC

**2. All other names debtor used in the last 8 years**  
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  
82-3766767

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 2729 Fort Knox Boulevard, Ste. 1300<br>Tallahassee, FL 32308 | 4477 Legendary Drive, Unit 1<br>Destin, FL 32541 |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Leon<br>County | Location of principal assets, if different from principal place of business<br><br>Number, Street, City, State & ZIP Code |

**5. Debtor's website (URL)**  
www.consolidatedburgerholdings.com

**6. Type of debtor**  
■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify: _____

Debtor  **Consolidated Burger Holdings, LLC**                                            Case number (*if known*) _____
       Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    **5812**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

Official Form 201    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**    page 2

Debtor  **Consolidated Burger Holdings, LLC**  Case number (*if known*) _____
      Name

| | | | | |
|---|---|---|---|---|
| List all cases. If more than 1, attach a separate list | Debtor District | **See Attachment** When | Relationship Case number, if known | |

| 11. | Why is the case filed in *this district*? | *Check all that apply:* |
|---|---|---|
| | | ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. | Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ■ No ☐ Yes. | Answer below for each property that needs immediate attention. Attach additional sheets if needed. |
|---|---|---|---|

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
      Contact name _____
      Phone _____

■ **Statistical and administrative information**

| 13. | Debtor's estimation of available funds | *Check one:* |
|---|---|---|
| | | ■ Funds will be available for distribution to unsecured creditors. |
| | | ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| 14. | Estimated number of creditors | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>■ 200-999 | ☐ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|

| 15. | Estimated Assets | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>■ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|

| 16. | Estimated liabilities | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>■ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
|---|---|---|---|---|

| Debtor | **Consolidated Burger Holdings, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **April 14, 2025**
MM / DD / YYYY

X  **/s/ Joseph J. Luzinski**                               **Joseph J. Luzinski**
Signature of authorized representative of debtor            Printed name

Title  **Chief Restructuring Officer**

---

**18. Signature of attorney**

X  **/s/ Paul Steven Singerman**                            Date  **April 14, 2025**
Signature of attorney for debtor                                  MM / DD / YYYY

**Paul Steven Singerman 378860**
Printed name

**Berger Singerman LLP**
Firm name

**1450 Brickell Avenue**
**Suite 1900**
**Miami, FL 33131**
Number, Street, City, State & ZIP Code

Contact phone  **305-755-9500**       Email address  **singerman@bergersingerman.com**

**378860 FL**
Bar number and State

---

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page 4

Debtor  **Consolidated Burger Holdings, LLC**  Case number *(if known)*
       *Name*

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF FLORIDA

Case number *(if known)* _____  Chapter  **11**

☐ Check if this is an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | |
|---|---|---|---|---|
| Debtor | **Consolidated Burger A, LLC** | | Relationship to you | **Affiliate** |
| District | **Northern District of Florida** | When | Case number, if known | |
| Debtor | **Consolidated Burger B, LLC** | | Relationship to you | **Affiliate** |
| District | **Northern District of Florida** | When | Case number, if known | |

**OMNIBUS ACTION BY WRITTEN CONSENT**
**FOR**

**Consolidated Burger Holdings, LLC**
**Consolidated Burger A, LLC**
**Consolidated Burger B, LLC**

**April 14, 2025**

   The undersigned, each being, the member-manager and sole member (each, a "Governing Body," collectively, the "Governing Bodies") of each applicable entity as set forth on **Exhibit A** attached hereto (each, a "Company", and collectively, the "Companies"), do hereby waive all formal requirements, including the necessity of holding a formal or informal meeting, and any requirements for notice; and do hereby adopt the following resolutions by this omnibus action by written consent (this "Written Consent") without a meeting pursuant to (as applicable) the limited liability company agreements (in each case as amended or amended and restated) of each Company (each, a "Company LLC Agreement," collectively, the "LLC Agreements"), the certificate of formation of each Company, and the laws of the state of formation of each Company as set forth next to each Company's name on **Exhibit A** attached hereto. Any defined terms used and not defined herein shall have the meanings ascribed to such terms in each Company LLC Agreement, as applicable.

   WHEREAS, the Governing Bodies of the Companies have reviewed and considered the operational condition of the Companies and the business of the Companies on the date hereof, including the historical performance of the Companies, the assets of the Companies, the current and long-term liabilities of the Companies, the liquidity of the Companies, the strategic alternatives available to the Companies, and the impact of the foregoing on the business, creditors and other parties in interest of the Companies; and

   WHEREAS, the Governing Bodies have received, reviewed, and considered the recommendations of the legal and financial advisors of the Companies, including but not limited to the Chief Restructuring Officer, as to the relative risks and benefits of seeking relief under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 101 et seq., the "Bankruptcy Code"), and the Governing Bodies have had an opportunity to consult with the legal and financial advisors of the Companies, including but not limited to the Chief Restructuring Officer, and have considered each of the strategic alternatives available to the Companies; and

   WHEREAS, the Governing Bodies have received, reviewed, and considered entering into a commitment for debtor-in-possession financing on or about April 14, 2025, for a senior secured super priority delayed draw debtor-in-possession financing credit facility in an aggregate amount up to $1,600,000.00 (the "DIP Facility"), its related term sheet, and other documents relating to the DIP Facility (collectively, the "DIP Credit Agreement") with the lenders set forth therein, and the Governing Bodies agree that the Companies should obtain the benefits of the DIP Facility and desire that the Companies enter into the DIP Credit Agreement; and

WHEREAS, in the business judgment of the Governing Bodies, it is in the best interests of the Companies, their creditors, employees, and other parties in interest that a petition be filed by each Company seeking relief under the provisions of the Bankruptcy Code; and

WHEREAS, the Governing Bodies desire that the Companies file or cause to be filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Petitions") and the following resolutions are hereby adopted by this Written Consent:

I.    Chapter 11 Cases.

IT IS THEREFORE RESOLVED, that the Governing Bodies hereby approve the filing of Petitions on behalf of the Companies in the United States Bankruptcy Court for the Northern District of Florida – Tallahassee Division (collectively, the "Chapter 11 Cases") on or about April 14, 2025; and it is further

RESOLVED, that appropriate employees, consultants, representatives, and retained professionals of the Companies are hereby authorized, directed and empowered (i) to file the Petitions for the Companies, (ii) to commence the Chapter 11 Cases, and (iii) to execute and deliver any and all documents and to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper and necessary to effect any of the foregoing; and it is further

RESOLVED, that the Governing Bodies hereby authorize the members of the Governing Bodies, the officers of the Companies, the directors and managers of the Companies, and the Chief Restructuring Officer, as applicable (collectively, the "Authorized Officers"), and each of them, acting alone or in any combination, on behalf of and in the name of the Companies, be, and hereby are, authorized, directed and empowered, to prepare, execute and/or verify and to cause to be filed, and any other applicable officer, be and each hereby is, authorized to attest to, any and all documents required by, necessary or appropriate to, the filing and administration of the Chapter 11 Cases, including but not limited to the Petitions, as well as all other ancillary documents (including, but not limited to, petitions, schedules, statements, lists, motions, applications, DIP Credit Agreement(s), objections, responses, affidavits, declarations, complaints, pleadings, disclosure statements, plans of reorganization or liquidation and other papers or documents), including but not limited to, any amendments, modifications or supplements thereto (collectively, the "Chapter 11 Documents"); and it is further

RESOLVED, that any of the Authorized Officers, who may act without the joinder of any other officer, director or manager, is hereby authorized to execute and deliver the Chapter 11 Documents in the name and on behalf of each of the Companies and otherwise to take all actions (including, without limitation, (i) negotiate, execute, deliver, and file any agreement, certificate, or other instrument or document, (ii) pay any retainer or consideration for any professional retained by the Companies in the Chapter 11 Cases, and (iii) pay other expenses as any such Authorized Officer may deem necessary, appropriate, or advisable (such acts to be conclusive evidence that such Authorized Officer deemed the same to be necessary, appropriate, or advisable) in order to commence and administer the Chapter 11 Cases, and all acts of the Authorized Officer taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects; and it is further

13616955-8

II. Retention of Professionals.

RESOLVED, that the Governing Bodies hereby approve and ratify the engagement by the Companies of the law firm of Berger Singerman LLP ("Berger Singerman") to represent the Companies as their general bankruptcy counsel and to assist the Companies in carrying out their duties under the Bankruptcy Code and all related matters, and to take any and all actions appropriate to advance the Companies' rights, including the preparation of pleadings and filings in the Chapter 11 Cases; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements with Berger Singerman, pay appropriate retainers to Berger Singerman prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Berger Singerman; and it is further

RESOLVED, that the Governing Bodies hereby approve and ratify the engagement by the Companies of Development Specialists, Inc. ("DSI"), to provide restructuring and other services to the Companies, and to provide the services of a Chief Restructuring Officer and certain support personnel, and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements with DSI, pay appropriate retainers to DSI prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of DSI; and it is further

RESOLVED, that the Governing Bodies hereby approve and ratify the engagement by the Companies of Peak Franchise Capital LLC ("Peak"), as investment bankers to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements with Peak, pay appropriate retainers to Peak prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Peak; and it is further

RESOLVED, that the Governing Bodies hereby approve and ratify the engagement by the Companies of Omni Agent Solutions, Inc. ("Omni") as notice and claims agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officers be and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Omni; and it is further

RESOLVED, that the Authorized Officers be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies to employ or engage any other individual and/or firm as professionals or consultants or financial advisors to the Company, including but not limited to investment bankers, as are deemed necessary to represent and assist the Companies in carrying out their duties under the


Bankruptcy Code, and in connection therewith, the Authorized Officers acting alone or in any combination, hereby are authorized, directed and empowered, on behalf of and in the name of the Companies, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of such firms; and is further

III.     Debtor-In-Possession Financing.

RESOLVED, that the Authorized Officers be, and hereby are, authorized, directed, and empowered, on behalf of and in the name of the Companies, (A) to obtain post-petition financing according to the terms negotiated by the senior management of the Companies, including under debtor-in-possession credit facilities or relating to the use of cash collateral, and (B) to secure the payment and performance of any post-petition financing by (i) pledging or granting liens and mortgages on, or security interests in, all or any portion of the Companies' assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Companies, whether now owned or hereafter acquired, and (ii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate, or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval or determination; and it is further

RESOLVED, that the form, terms, and provisions of the DIP Facility, the DIP Credit Agreement, and each of the other DIP Facility Documents (as defined below), and the Companies' incurrence and performance of their obligations under the DIP Facility, the DIP Credit Agreement, and each of the other DIP Facility Documents (as defined below), including any borrowings thereunder, granting of liens on, or security interests in, all or any portion of the Companies' assets as provided therein, and the consummation of the transactions contemplated thereby, be, and hereby are, in all respects authorized and approved; and further resolved, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver, and to cause the Companies to incur and perform their respective obligations under the DIP Facility and the DIP Credit Agreement and each of the agreements, documents, and instruments contemplated by any of the foregoing or requested by the DIP Facility lenders in connection with any of the DIP Facility (together with the DIP Credit Agreement, the "DIP Facility Documents"), in the name and on behalf of the Companies under their seals or otherwise, substantially in the forms presented to the Governing Bodies, with such changes therein and modifications and amendments thereto as any Authorized Officer may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof; and it is further

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, amendments and restatements, supplements, modifications, renewals, extensions, replacements, consolidations, substitutions, and extensions of the DIP Facility and the DIP Facility Documents that shall in their sole judgment be necessary, proper or advisable; and it is further

RESOLVED, that all acts and actions taken by any of the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Credit Agreement and any of the other DIP Facility Documents be, and hereby are, in all respects confirmed, approved, and ratified; and it is further

IV.     General Authorizations and Ratifications.

RESOLVED, that the Authorized Officers be, and each of them acting alone or in any combination is, hereby authorized, directed and empowered from time to time in the name and on behalf of the Companies, to (i) take such further actions and execute and deliver or cause to be executed and delivered, where necessary or appropriate, file (or cause to be filed) with the appropriate governmental authorities all such other certificates, instruments, guaranties, notices and documents as may be required or as such Authorized Officer may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, (ii) perform the obligations of the Companies under the Bankruptcy Code, the DIP Facility, the DIP Credit Agreement, and any other DIP Facility Documents, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized Officer performing or executing the same shall approve, and the performance or execution thereof by such Authorized Officer shall be conclusive evidence of the approval thereof by such officer and by the Companies, and (iii) incur and pay such fees, expenses and other amounts as in his, her or their judgment shall be necessary, proper or advisable in order to fully carry out the intent and accomplish the purposes of each of the foregoing resolutions; and it is further

RESOLVED, that the Authorized Officers be, and each of them acting alone is, hereby authorized, directed and empowered from time to time in the name and on behalf of each of the Companies, to adopt resolutions and otherwise exercise the rights and powers of the Companies as such Authorized Officer may deem necessary, appropriate or desirable; and that thereupon such resolutions shall be deemed adopted as and for the resolutions of the applicable Companies; and it is further

RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects, confirmed, ratified and approved; and it is further

RESOLVED, that these resolutions and actions shall be the actions of the Governing Body of each Company. The Chief Restructuring Officer of Consolidated Burger Holdings, LLC, is hereby directed to place this Written Consent with the records of the proceedings of the Governing Bodies and with the records of each Company; and it is further

RESOLVED, that this Written Consent may be executed and delivered by electronic transmission with the same effect as delivery of an original.

[SIGNATURES ON FOLLOWING PAGE]

5

13616955-8

IN WITNESS WHEREOF, the undersigned have caused this Written Consent to be duly executed and delivered as of the date first above written.



**Edward Stutz**, in his capacity as President and Chief Executive Officer of Parent Consolidated Burger Holdings, LLC, the member-manager of Consolidated Burger Holdings, LLC



**Edward Stutz**, in his capacity as President and Chief Executive Officer of Consolidated Burger Holdings, LLC, the sole member of Consolidated Burger A, LLC



**Edward Stutz**, in his capacity as President and Chief Executive Officer of Consolidated Burger Holdings, LLC, the sole member of Consolidated Burger B, LLC

[*Signature Page to Written Consent*]

13616955-8

## Exhibit A

### Companies

| Company | Jurisdiction |
|---|---|
| Consolidated Burger Holdings, LLC | Delaware |
| Consolidated Burger A, LLC | Delaware |
| Consolidated Burger B, LLC | Delaware |

13616955-8